1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANGEL R MCGOWAN, et. al,

11          Plaintiffs,                    No. 2:12-cv-2378 KJM CKD PS

12     v.

13   WORLD SAVINGS, INC., et al.

14

15          Defendants.              ORDER
     _____/

16          On September 24, 2012, defendant Wells Fargo Bank, N.A. filed a motion to

17   dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).[1]  Dkt.

18   10.  Defendants noticed their motion to dismiss for a hearing to take place before the undersigned

19   on November 7, 2012.  Id.  Pursuant to this court's Local Rules, plaintiff was obligated to file

20   and serve a written opposition or statement of non-opposition to the pending motion at least

21   fourteen (14) days prior to the hearing date, or October 24, 2012.  See E.D. Cal. L.R. 230(c).[2]

22   _____

23          [1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and
     28 U.S.C. § 636(b)(1).

24

25          [2] More specifically, Eastern District Local Rule 230(c) provides:

26          **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting
            of the motion shall be in writing and shall be filed and served not less than

1

1  The court's docket reveals that plaintiff, who is proceeding without counsel, failed to file a

2  written opposition or statement of non-opposition with respect to the motion to dismiss.

3              Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to

4  comply with these Rules or with any order of the Court may be grounds for imposition by the

5  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

6  Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

7         Any individual representing himself or herself without an attorney
          is bound by the Federal Rules of Civil or Criminal Procedure, these
8         Rules, and all other applicable law.  All obligations placed on
          "counsel" by these Rules apply to individuals appearing in propria
9         persona.  Failure to comply therewith may be ground for dismissal,
          judgment by default, or any other sanction appropriate under these
10        Rules.

11  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

12  same rules of procedure that govern other litigants") (overruled on other grounds).  A district

13  court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to

14  Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or

15  fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local

16  rules.[3]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act

17  *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

18  Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action

19  pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

20  _____

21        fourteen (14) days preceding the noticed (or continued) hearing date.  A
          responding party who has no opposition to the granting of the motion shall
22        serve and file a statement to that effect, specifically designating the motion
          in question.  No party will be entitled to be heard in opposition to a motion
23        at oral arguments if opposition to the motion has not been timely filed by
          that party. . . .

24

25  [3]  A district court does not abuse its discretion by dismissing a plaintiff's case pursuant to
    Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.
26  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010)
    (unpublished).

2

or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

In light of the foregoing, IT IS HEREBY ORDERED that:

1.    The hearing on defendants' motion to dismiss plaintiff's complaint (dkt.10), which is presently set for November 7, 2012, is CONTINUED until November 28, 2012.

2.    Plaintiff shall file a written opposition to the motion to dismiss, or a statement of non-opposition thereto, on or before November 14, 2012.  Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion to dismiss.   It would also constitute an additional ground for imposing appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

3.    Defendants may file a written reply to plaintiff's opposition, if any, on or before November 21,  2012.

4.    Defendants may appear telephonically, rather than in person, at the November 28, 2012 hearing.

IT IS SO ORDERED.

Dated: October 30, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD9

3