IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL R. MCGOWAN, et. al,

      Plaintiffs,                  No. 2:12-cv-2378 KJM CKD PS

      v.

WORLD SAVINGS, INC., et al.       <u>ORDER AND</u>

      Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

      This action arises from a residential mortgage loan obtained by plaintiffs and originated by defendant in September 2007 for property located in Vacaville, CA. Dkts. 16, 11 at 6, 23. Plaintiffs proceed pro se in this action, which was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Pending before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss. Dkt. 10. The motion was originally noticed for hearing on November 7, 2012 and subsequently reset by the court for hearing on November 28, 2012. Dkts. 10, 15. Plaintiff filed a timely opposition to the motion on November 5, 2012 . Dkt. 16.

\\\\\

\\\\\

\\\\\

1

At hearing, plaintiff Angel McGowan appeared before the court on behalf of both plaintiffs[1] and Kenneth Franklin appeared telephonically for defendant. Upon review of the documents in support of and in opposition to the motion, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

BACKGROUND

On September 26, 2007, plaintiffs refinanced their existing home loan and entered into an adjustable rate mortgage loan agreement ("the Note") with World Savings Bank, FSB ("World Savings") for a loan in the amount of $330,000.00. Dkt. 1 at 21, 49. Subsequently, World Savings changed its name to Wachovia Mortgage, FSB and then to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo Bank, N.A. in November, 2009. Dkt. 10 at 9. Plaintiffs defaulted on the loan in August 2011, leading to the foreclosure of the property and a sale by trustee in November 2011. Dkt. 10 at 9.[2]

The complaint alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., along with claims of breach of contract and of the covenant of good faith and fair dealing. See Dkt. 1 at 20-21. Specifically, plaintiffs allege that Wells Fargo failed to disclose the actual interest rate on the Note, such that plaintiffs were unaware that they would not be building equity in their property during the time they held the loan. See Dkt. 1 at 20. Plaintiffs further allege that because of the "extremely onerous prepayment penalty" imposed by the terms of the Note, they were not able to rid themselves of the loan once they could no longer afford the

---

[1] Under Local Rule 183, "Any individual who is representing himself or herself without an attorney must appear personally . . . . and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney." At hearing, plaintiff Angel McGowan, whose husband is the other plaintiff in this suit, was reminded of this requirement. 11/28/2012 Hr'g at 10:00 am PST.

[2] Though taken from defendant's motion to dismiss, plaintiffs do not dispute that the property was foreclosed upon and sold subsequent to their default on the loan. See 11/28/2012 Hr'g at 10:00 am PST.

1  payments. Id at 39.

2        Plaintiffs initiated this suit in the Superior Court of Solano County on July 10,
3  2012. Dkt. 1 at 20. Wells Fargo removed the action to federal court on September 17, 2012
4  pursuant to federal question and diversity jurisdiction. See 28 U.S.C. §§ 1441(b), 1331, 1332;
5  Dkt. 1. The instant motion followed.

6  DISCUSSION

7        In considering a motion to dismiss for failure to state a claim upon which relief
8  can be granted, the court must accept as true all of the factual allegations contained in the
9  complaint, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light
10 most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

11       In order to avoid dismissal for failure to state a claim a complaint must contain
12 more than "bare assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements
13 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). In other
14 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
15 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
16 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
17 claim has facial plausibility when the plaintiff pleads factual content that allows the court to
18 draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556
19 U.S. at 678. In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally
20 consider only allegations contained in the pleadings, exhibits attached to the complaint, and
21 matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont,
22 506 F.3d 895, 899 (9th Cir. 2007).

23       TILA Claims

24       Claims brought under TILA are subject to a one year statute of limitations period.
25 15 U.S.C. § 1640(e). The time limit begins from the date on which the plaintiff had the
26 opportunity to discover the violation. Meyer v. Ameriquest Mort. Co., 342 F.3d 899, 902 (9th

Cir. 2003) (plaintiff had opportunity to discovery TILA violation when loan was originated or when plaintiff possessed all loan documents).  The loan at issue here was originated on September 26, 2007 and the instant litigation was commenced in state court on July 10, 2012. Dkt. 1 at 20.  Plaintiffs do not allege that Wells Fargo failed to provide them with any of the required loan documentation, such as disclosures or the terms of repayment, at the time they signed the Note.  Rather, they point to all of the documentation they received from Wells Fargo, characterize it as "misleading" and "confusing," and claim that such documentation violated TILA *on its face*.  See Dkt. 16 at 11, 12, 17 (emphasis added).  By plaintiffs' own admission, they were immediately aware of the alleged violation when the loan was originated — as they possessed all the required documentation at that time — and had until September 26, 2008 to bring a TILA claim.  See Meyer, 342 F.3d at 902.  That time has long since passed and there is no legal basis allowing the claim to go forward nearly four years after the statute of limitations has expired.[3]  Thus, plaintiffs' TILA claims are barred by the statute of limitations.

State Law Claims

Plaintiffs allege claims of unlawful, unfair, and fraudulent business practices under the UCL.  Dkt. 1 at 38-45; see Cal. Bus. & Prof. Code § 17200.  They further allege breach of contract and of the covenant of good faith and fair dealing.  Id at 41-44.  All of these state law claims arise from the same set of operative facts regarding the terms of plaintiffs' home mortgage loan.  Defendant moves to dismiss all such claims on the grounds that they are preempted by the federal Home Owners' Loan Act ("HOLA").  Dkt. 10 at 2.

The charter of defendant's predecessor, Wachovia Mortgage, FSB, demonstrates that at the time the loan at issue was originated, defendant was a federal savings bank regulated

---

[3] Though the complaint makes no factual allegations with respect to rescission, any such claims under TILA must be brought within three years of loan consummation.  See Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998) (the right of rescission under § 1635(f) of TILA is completely extinguished at the end of the three year period).  That time period has also passed.

4

1  by the Office of Thrift Supervision ("OTS"). Dkt. 11 at 29-31.[4] The OTS, under the authority of
2  HOLA, has promulgated regulations occupying the entire field of lending for federal savings
3  associations. See Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008)
4  (intending to give federal lending associations maximum lending flexibility in accordance with a
5  uniform federal scheme of regulation and without regard to state laws purporting to regulate their
6  credit activities); see also Bank of America v. City and County of San Francisco, 309 F.3d 551,
7  560-61 (9th Cir. 2002).[5] All of plaintiffs' claims under § 17200 relate to disclosures, advertising
8  practices, the terms of credit (including amortization of loans), and adjustments to the interest
9  rate.[6] These types of claims are all preempted by 12 C.F.R. § 560.2(a)-(b)(4), (9), (10).[7]
10 Plaintiffs make no attempt, in either their opposition or at hearing, to plead a cause of action or
11 \\\\\
12 \\\\\

---

[4] Defendant asks the court to take judicial notice of this document which is not opposed by plaintiff. The court will so notice the document.

[5] Even though the lender federal savings bank subsequently merged into a national bank association, the preemption analysis is still applicable. See DeLeon v. Wells Fargo Bank, N.A., 729 F.Supp. 2d 1119, 1126 (N.D. Cal. 2010).

[6] For example, plaintiffs claim that defendant engaged in unfair and fraudulent business practices under § 17200 by disguising negative amortization, luring plaintiffs with the promise of a low interest rate, and imposing a prepayment penalty that precluded plaintiffs from extricating themselves from the loan. See Dkt. 1 at 39-40.

[7] The types of state laws expressly preempted include those imposing requirements on:
"The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan; . . . .
Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants; . . . .
Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages . . . . "
12 C.F.R. § 560.2(b)(4), (9), (10).

5

other theory which overcomes this preemption.[8]  Accordingly, all of these claims should be dismissed.

Plaintiffs' contract claims are similarly preempted by HOLA.  The breach of contract claim alleges that defendant failed to apply monthly payments toward the principal loan balance as required by the Note.  See Dkt. 1 at 42.  And plaintiffs' claims under the implied covenant of good faith and fair dealing concern negative amortization and the terms under which the loan would be paid off.  Id at 43.  Because these claims directly relate to the terms by which a federal savings association extends credit, these, too, are preempted by HOLA.  See 12 C.F.R. § 560.2(b)(4) (state laws purporting to impose requirements regarding the terms of credit are preempted).[9]

### Defendant NDeX West, LLC

Defendant NDeX West LLC ("NDeX West"), the remaining defendant in this action, did not join in Wells Fargo's motion to dismiss (dkt. 10).  Nor did NDeX West move separately to dismiss the complaint.  Though NDeX West consented to the removal of this action to federal court (dkt. 2), a review of the removal petition shows that NDeX West was never properly served with the complaint.[10]  Nonetheless, the arguments made on behalf of Wells Fargo are equally applicable to NDeX West, as the claims against the two defendants are identical.  See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (court may

---

[8] Defendant additionally argues that all the UCL claims are barred by the attendant statute of limitations and that each one fails to sufficiently plead an unlawful, unfair or fraudulent business practice as required by § 17200 and Fed. R. Civ. Pro. 12(b)(6).  Because all of these claims are preempted under HOLA, the court need not reach defendant's additional arguments.

[9] Defendant further argues that the contract claims are also barred by the statute of limitations and each one fails to plead the elements required to state a claim for relief under Fed. R. Civ. Pro. 12(b)(6).  The court need not reach these arguments as the claims are preempted under HOLA.

[10] The proof of service does not allege either personal or substituted service but shows that plaintiffs simply mailed the summons and complaint to Wells Fargo *in care of* NDeX West.  See Dkt. 1 at 55-57.

enter sua sponte dismissal as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related). Accordingly, the TILA and state law claims against NDeX West should also be dismissed.

As discussed herein, plaintiffs' TILA claims are barred by the statute of limitations and all of their state law claims are preempted by HOLA. The motion to dismiss should be granted and all of plaintiffs' claims against all defendants should be dismissed.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the defendant's request for judicial notice (dkt. 11) is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (dkt. 10) be GRANTED;
2. All defendants be DISMISSED WITH PREJUDICE; and
3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 10, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE